# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7039 | **DATE** | August _26__, 2010 |
| **CASE TITLE** | *J&J Sports Productions, Inc., v. Arturo Calderon, et al* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion for default judgment [13-1] is granted as follows. As to Count I, the court awards the plaintiff $2,365.00 in statutory damages, $5,000 in enhanced damages and the requested attorneys' fees and costs, which the court concludes are reasonable, in the amount of $1,737.50, for a total award of $9,102.50. Counts II and III are dismissed with prejudice and the clerk is directed to enter a Rule 58 judgment terminating this case.

■[ For further details see text below.]

00:00

# STATEMENT

  Plaintiff J&J Sports Productions, Inc. brought suit against defendant, Arturo Calderon d/b/a Arturo's LLC d/b/a Arturo's Tacos and Arturo's LLC d/b/a Arturo's Tacos, seeking to recover for the alleged unlawful interception and exhibition of a boxing match entitled "'Fast and Furious': Shane Mosley v. Miguel Cotto, WBA Welterweight Championship Fight Program" (the "Program"), which aired on November 10, 2007. The plaintiff's first amended complaint alleges three counts: Count I under 47 U.S.C. § 605; Count II under 47 U.S.C. § 553; and Count III for conversion.

  After being served, the defendant never answered or appeared and the court entered default under Fed. R. Civ. P. 55(a) on February 4, 2010. Currently before the court is the plaintiff's motion for default judgment and prove-up.

  The facts alleged in the plaintiff's complaint are deemed true as a result of the defendants' default. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The plaintiff entered into sublicensing agreements with various commercial entities throughout North America granting them rights to publicly exhibit the Program within their respective establishments. The plaintiff expended substantial monies marketing, advertising, promoting, administering and transmitting the Program to its customers. With full knowledge that the Program was not to be intercepted, received, or exhibited by entities unauthorized to do so, the defendant willfully and unlawfully published, divulged and exhibited the Program at the time of its transmission. The motion for prove-up does not mention the conversion count, so the court assumes that the plaintiff is not pursuing relief under that count.

  As to the current motion, the plaintiff has submitted the affidavit of one Aaron Lockner attesting to the fact that on November 10, 2007, he entered Arturo's at 7260 W. 79th Street in Bridgeview, IL 60455 at approximately 9:05 p.m and observed seven television sets broadcasting boxing matches. Mr. Lockner's affidavit states that:

**STATEMENT**

Upon entering the establishment, I observed six 20 inch wall mounted televisions and one 60 inch projection screen displaying the HBO Pay Per View Boxing event. I observed rounds 11 and 12 of the Joel Casamayor v. Jose Armando Santa Cruz match, resulting in Joel Cassamayor [sic] being declared the winner of the fight via a split decision.

As indicated in the plaintiff's complaint, Exhibit C to the instant motion , the boxing match between Shane Mosley and Miguel Cotto was an undercard bout to the Casamayor/Santa Cruz fight.

The plaintiff states that it is seeking damages only under 47 U.S.C. § 605, Count I, which was pled in the alternative to Count II under § 553. As noted by another court in this district, "J & J is permitted to plead its § 553 and § 605 claims in the alternative, but it may recover damages only under one of those statutes."
*J & J Sports Productions, Inc. v. Resendiz*, 08 C 4121, 2009 WL 1953154, at *2 (N.D. Ill. Jul. 2, 2009)(citation omitted). The plaintiff does not seek relief under Count III, the conversion count.

Section 605(a) states as follows:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, . . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

In short, "[t]he Act prohibits commercial establishments from intercepting and broadcasting to its patrons unauthorized satellite cable programming." *Garden City Boxing Club, Inc. v. Dominguez*, No. 04 C 351, 2006 WL 1517775, at *2 (N.D. Ill. May 23, 2006)(citation omitted). Based on the allegations of the complaint and the affidavits described above, the court finds that the defendants willfully violated § 605(a).

The party seeking relief under this section of the statute may choose between actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). Here, the plaintiff seeks statutory damages. Section 605(e)(3)(C)(i)(II) states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just. . . ." Moreover, § 605(e)(3)(C)(ii) provides that:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

Accordingly, the court may award statutory damages for the violation between $1,000 and $10,000

and enhanced damages for a willful violation of up to $100,000. In addition, the statute states that full costs including, reasonable attorney's fees, shall be awarded to an aggrieved party. 47 U.S.C. § 605(e)(3)(B)(iii). The plaintiff's counsel has submitted an affidavit attesting that it incurred attorney's fees and costs in the amount of $1,737.50.

The plaintiff asks for an award of statutory damages of $3,600, which is twice what it would have cost the defendants to order the program from the plaintiff. It also requests $10,800, or six times what it would have cost to purchase the rights to broadcast the program, in enhanced damages for the willful violation of § 605.

Another court in this district has noted that other courts generally award damages under § 605 based on the number of patrons multiplied by a baseline of $55 per person. *Joe Hand Promotions, Inc. v. Kaczmar*, No. 08 C 2910, 2008 WL 4776365, at *2 (N.D. Ill. Oct. 29, 2008)(citations omitted). The court agrees with this approach and concludes that, based on a final number of 43 patrons who were counted by the investigator, the appropriate amount of statutory damages is $2,365. With respect to enhanced damages, that same court notes that:

> The Act does not provide further guidance, but simply sets forth a maximum recovery and otherwise leaves the matter to the discretion of the court. In considering how much in enhanced damages to award, courts have looked to a number of factors, including: (1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event. In connection with those factors, courts also consider the deterrent effect of the award, with an eye toward imposing an award that is substantial enough to discourage future lawless conduct, but not so severe that it seriously impairs the viability of the defendant's business (at least for a first offense).

In determining the appropriate amount of damages, the court first notes that the defendants' company appears to be a small business. Thus, while the amount of damages must be sufficient to deter future behavior, the plaintiff has pointed to no authority that the damages should be so high as to put the defendant out of business. The record does not contain any information regarding the number of violations by these defendants, the defendants' unlawful monetary gains, any actual damages, whether the defendants advertised for the event, or whether the defendants charged a cover charge. Nevertheless, the court assumes that, while the defendants may not have taken in any additional revenue as a cover charge, they most likely sold food and beverage to those who were attracted by the exhibition of the boxing match. The court further notes that, while it finds that the violation was willful, there is no indication that these defendants are routine violators. Based on these facts, the court finds an award of enhanced damages against the defendants in the amount of $5,000 is appropriate.

In sum, as to Count I, the court awards the plaintiff $2,365.00 in statutory damages, $5,000 in enhanced damages and the requested attorneys' fees and costs, which the court concludes are reasonable, in the amount of $1,737.50, for a total award of $9,102.50. Counts II and III are dismissed with prejudice and the clerk is directed to enter a Rule 58 judgment terminating this case.

RH/p